UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DWIGHT WILLIAMS,  )
　　　　　　　　　　　)
　　　　　Petitioner,  )
　　　　　　　　　　　)
　　vs.　　　　　　　)　　No. 1:17-cv-00734-SEB-DML
　　　　　　　　　　　)
SUPERINTENDENT Plainfield Correctional )
Facility, )
　　　　　　　　　　　)
　　　　　Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Dwight Williams for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-11-0008. For the reasons explained in this Entry, Mr. Williams's habeas petition must be **denied**.

A.　　Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B.　　The Disciplinary Proceeding

On October 31, 2014, Investigator C. Feldkamp wrote a report of conduct in case IYC 16-11-0008, charging Williams with offense A-100, participation in criminal gang (I.C. § 35-45-9-3). The conduct report states:

> On 10/2/2016 at approximately 1:50 am I[,] Investigator C. Feldkamp conducted an investigation into allegations that offenders Dwight Williams #973439, Jesse Eddy #140112, Samuel Gonzales #220185, Courtney Love #112871, Derrick Jones #220226, Charles Jones #962674 and Deandre Tyus #259815 participated in criminal gang activity to include trafficking, organized/ conspiracy to commit assault and battery, conspiracy/ destruction of a crime scene and possession of dangerous or deadly contraband. A confidential case file is maintained in I&I 16-IYC-0145 and is available for review in the I&I Office. Sufficient substantiated evidence exists to support this case.

The conduct report also indicates "See Report of Investigation". The report of investigation was completed by Investigator Feldkamp, in which he reported about Williams and the other offenders involved in the October 2, 2016 incident:

> During the incident the above mentioned offenders were observed on facility video in the HUN A-Unit bed area committing assault and battery upon each other on the above mentioned date multiple times. As a direct result of the investigation into the incident, having gained intelligence thou [sic] facility video, interviews with both staff and offenders and offender communication services (GTL and J-Pay), I could substantiate that the above mentioned offenders were having a dispute concerning trafficking, theft of illegal contraband[,] and the conspiracy to destroy states evidence by the removal of evidence from a crime scene. The above mentioned offenders were uncooperative with the investigation alleging that the assault was over a fan. The above mentioned offenders involved were researched as participating in the assault and having taken part in cleaning the area of A-Unit where the assault occurred. Additional investigation lead to the discovery of contraband[;] contraband that was stolen from offender Eddy and then later recovered in a targeted search of offender Jones #220226 (cell phone). Facility video reviewed also produced the brandishing of a weapon during the incident by offender Williams. As a result of additional targeted searching in A and B units in North Dorm three hundred dollars worth of illegal drugs (Suboxone) and a shank was recovered and are believed to be the weapon observed in the video. There is also substantiated case reports to support the allegations provided in this report. The cases are maintained in the I&I Office and are confidential in nature. Case's [sic] 16-IYC-0145, 16-IYC-0159.

The conduct report and investigation reports were based on the findings of in-depth internal affairs investigations into Williams' activities.

On November 1, 2016, Williams was notified of the charge participation in criminal gang and served with a copy of the conduct report and a copy of the Notice of Disciplinary Hearing "Screening Report." Williams was notified of his rights and pleaded not guilty. He requested witnesses, including, among others, Investigator Feldkamp. He also requested "case #16-IYC-0145 + 16-IYC-0159[,] GTL and JPay notes[,] and Description of offender in video w/weapon."

On November 29, 2016, the disciplinary hearing officer ("DHO") held a disciplinary hearing in case IYC16-11-0008. Williams pleaded not guilty and provided the following statement: "I was on this camp for 19 days from a level one, I don't know any of these guys that they say I'm talking to. I spent 5 days in intake and I was only in that dorm 5 days". After considering witness statements, Williams' statement, staff reports, video review, and the I & I case files, the DHO found Williams guilty of offense A-100 violating any federal/state/local law. Due to the seriousness and nature of the offense as well as the degree to which the violation disrupted /endangered the security of the facility, the DHO imposed the following sanctions: a transfer to a more secure facility, 360 days in disciplinary segregation, 360 days' lost earned credit time, and demotion in credit class from class 1 to class 3.

Williams's administrative appeals were denied and he filed the present petition for a writ of habeas corpus.

**C.    Analysis**

Williams challenges the disciplinary action against him arguing that he was denied evidence and the hearing officer was not impartial.

   1. *Denial of Evidence*

Williams first argues he requested case files from 16-IYC-0145 and 16-IYC-0159, which included GTL and JPay communications, as evidence and this evidence was not presented at his disciplinary hearing. He states that this evidence would show that he never talked to the individuals involved in trafficking.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result. *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). Further, prison officials may base a disciplinary conviction on evidence that is kept confidential to maintain the safety of the witnesses and the security of the facility. *Jones*, 637 F.3d at 847-49; *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361-62 (7th Cir. 1992). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 681 Fed. Appx. 494, 497 (7th Cir. 2017) (quoting *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003)).

First, Williams's statement that the case files requested were not considered is not supported by the record. The Report of Disciplinary Hearing states that the hearing officer considered "II Case File" The GTL and Jpay records are part of confidential file 16-IYC-0145. Williams therefore has not shown that he was denied evidence.

Next, the respondent argues that these files must be kept confidential to protect the identity of confidential witnesses and to prevent Williams and his fellow inmates from being able to analyze the prison's investigative techniques. These are appropriate security reasons to maintain the confidentiality of this evidence. *See Wolff*, 418 U.S. at 566; *Jones*, 637 F.3d at 848 (explaining that prohibiting disclosure of surveillance video to prisoners is justified because allowing them to learn the location and capabilities of the surveillance system could allow them to exploit any deficiencies). The Court finds no error in maintaining the confidentiality of these files.

Finally, the Court has reviewed the internal affairs files. Nothing in these files can be deemed exculpatory with regard to the charge of participation in gang activity.

In short, Williams has not shown that he was denied exculpatory evidence in violation of his due process rights.

### 2. *Impartial Decision-maker*

Williams also argues that he was denied an impartial decision-maker. He states that the officer who reviewed the video, who was also the DHO, demonstrated bias because he used the word "attempt" in describing the incident on the video and because the review was not written up like a conduct report.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S.

35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

There is no evidence that the hearing officer was directly involved in the events underlying the charge or the investigation. There is also no evidence that the hearing officer was related to anyone involved in the incident. Finally, the wording the hearing officer used in describing the incident is not enough to show that the hearing officer was impermissibly biased.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Williams to the relief he seeks. Accordingly, Mr. Williams's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: ___01/11/2018___

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DWIGHT WILLIAMS
973439
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov